NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDDIE LEE GORDON,            :
                             :   Civil Action No. 12-5513 (NLH)
         Petitioner,         :
                             :
     v.                      :   **OPINION**
                             :
D. ZICKEFOOSE, et al.,       :
                             :
         Respondents.        :

**APPEARANCES:**

**EDDIE LEE GORDON**, Petitioner pro se
10501-017
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**HILLMAN**, District Judge

    Petitioner ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this Court lacks jurisdiction to consider the petition, and it is not in the interest of justice to transfer, the Court will dismiss the petition.

**I. BACKGROUND**

    In a habeas petition filed by Petitioner in the Middle District of Florida, the court provided the procedural history of Petitioner's criminal proceedings as follows:

> On June 6, 1996, a grand jury sitting in the Northern District of Florida returned a three-count indictment charging that Petitioner, having previously been convicted of multiple felonies, knowingly possessed a firearm in and affecting interstate and foreign

1

> commerce in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count I); that he knowingly and intentionally conspired to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § § 841(a) and 841(b)(A) (Count II); and that he knowingly and intentionally possessed with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii) (Count III).  On June 28, 1996, the Court accepted Petitioner's plea of guilty to all counts.  At a sentencing hearing held on November 23, 1996, the district court sentenced Petitioner to a term of imprisonment of 360 months as to each count, all running concurrently with each other.  Petitioner was also sentenced to five years of supervised release.  Petitioner appealed, but his sentence was affirmed by the Eleventh Circuit, and his petition for writ of certiorari was denied.  He then filed a motion under 28 U.S.C. § 2255, seeking to vacate his sentence, but that motion was denied.  He later filed a Rule 60(b) motion, which the court interpreted as a successive § 2255 and dismissed based on lack of jurisdiction.

*Gordon v. Warden, FCC Coleman-Low*, 2011 WL 6112225, at * 1 (M.D. Fla. Dec. 08, 2011). The Middle District of Florida denied that petition, finding that it was actually an impermissible successive § 2255 motion, which did not qualify for the safe harbor of § 2241.  *Id*. at 2.  The Eleventh Circuit affirmed.  *Gordon v. Warden, FCC Coleman-Low*, No. 12-10134 (11th Cir. 2012).

In the instant matter, Petitioner is again challenging issues related to his sentence and claiming that relief under 28 U.S.C. § 2255 is inadequate or ineffective.  As such, he now seeks relief from this Court under 28 U.S.C. § 2241.

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  *See* 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).  A court presented with a

petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U .S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland*, 512 U.S. at 856; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985).

**B. Analysis**

Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241 related to his criminal conviction and sentence despite the fact that he has previously filed an unsuccessful challenge to his conviction by a motion under 28 U.S.C. § 2255.  Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive.  *See* 28 U.S.C. § 2255(h).  Neither of those conditions exist here.

Petitioner raises his claims related to sentencing issues, relying on *United States v. O'Brien*, 130 S.Ct. 2169 (2010) and *United States v. Stallings*, 463 F. 3d 1218 (11th Cir. 2006). Petitioner asserts that the rulings in those cases invalidate the sentence enhancement related to his use of a firearm which was imposed upon him.  (Pet. 3-8, ECF No. 1.)

As noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. McKeithan*, 437 F. App'x. 148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F.Supp. 144, 145–46 (E.D.Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be

brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence.  *See* 28 U.S.C. § 2255.  A one-year limitations period applies to § 2255 motions. *See* 28 U.S.C. § 2255(f).

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  *In Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  *Id.*  Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  *Id*. at 251–52.

In *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle*, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id*. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant

relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251–52; *Cradle*, 290 F.3d at 539, *Okereke v. United States*, 307 F.3d at 120.

Here, Petitioner does not allege facts bringing his conviction within the *Dorsainvil* exception. Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Petitioner asserts that *O'Brien* renders invalid the sentencing enhancement that was imposed upon him because firearm usage must be proved beyond a reasonable doubt in front of a jury. But to the contrary, the *O'Brien* court noted that using or discharging a firearm are sentencing factors which may be considered by the sentencing judge. *See O'Brien*, 130 S.Ct. at 2180. Petitioner has not established that the *O'Brien* ruling represents a change in law invalidating his sentence. *Yates v. Bledsoe*, 2012 WL 4857779 (3d Cir. October 15, 2012); *Abed v. Bledsoe,* 473 F. App'x. 106 (3rd Cir. 2012); *Cabrera v. Scism*, 423 F. App'x. 121 (3d Cir. 2011).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction, which is essentially a second or successive motion under § 2255. Whenever a civil action is filed in a court that lacks jurisdiction,

"the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court finds that it is not in the interests of justice to transfer this action.  Therefore, this Court will not direct the Clerk to transfer the Petition.  However, no statement made in this Opinion or in the Order filed herewith should be construed as preventing Petitioner from seeking leave to file second/successive Section 2255 motion on Petitioner's own.

## III. CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice. An appropriate order follows.

Dated: April 25, 2013

                                       s/ Noel L. Hillman
                                       NOEL L. HILLMAN
                                       United States District Judge

At Camden.